PER CURIAM.
This appeal is by the defendant below from a judgment of conviction, based on a jury verdict of guilty of the charge of unlawfully and feloniously buying, receiving or aiding in the concealment of stolen property, well knowing the same to be stolen. The property involved was a rare gold coin of great value, known as a Brasher doubloon.
According to testimony the jury was entitled to accept, the appellant met with an F.B.I. agent posing as a representative of a coin collector. Appellant produced a coin and submitted it to the agent for inspection. An expert who accompanied the agent examined the coin and identified it as a genuine Brasher doubloon. It was known that such a coin was included in the coin collection which had been stolen in Miami from a man named duPont. The agent then informed the appellant that he was under arrest, whereupon the appellant raised his hands and stated that he had a gun in his waist and a tear gas gun in his pocket. The officer relieved the appellant of the weapons and promptly advised him of his constitutional rights, a la Miranda. The officer retained the coin.
After the appellant had been released on bail, he met with the officer at a certain *888 location on Key Largo. There the appellant was handed a written waiver of rights, which he read but refused to sign. However, the appellant agreed to talk to the officer, reserving the right to refuse to answer questions in a given area. Appellant asked if the conversation was to be taped, and was told that it would not be, and appellant stated he did not want anything he said "to go any further.”
In the conversation with the officer at Key Largo the appellant revealed that the coin in question was one of the items involved in the duPont coin theft, in which he said he had not taken part; the officer named certain persons thought to have been involved in that theft, and the appellant informed the officer that he had the right people in mind. Appellant further stated that the coins taken in the duPont theft were transported to New York City by a person whom he named; that later they were brought back to Miami and into the appellant’s residence; and that while the coins were there, the appellant secretly took possession of the doubloon. At the outset, and several times during the conversation, the appellant sought to have a deal made for immunity or leniency in return for his information. He was informed that no deal would be made, but that the prosecutor and the judge before whom he should be tried would be informed that appellant had voluntarily submitted to interrogation and had given such information.
Appellant seeks reversal on six grounds. First is a contention that the trial court committed error in denying appellant’s motion to suppress the evidence represented by the doubloon. The question raised there is whether the doubloon was obtained through unlawful search and seizure. In ruling that it was not, the trial court was eminently correct. The doubloon was voluntarily produced by the appellant and passed into the possession of the officer. The fact that the transfer of possession to the supposed purchaser’s agent was for the purpose of inspection, is not material. See Lindsey v. State, Fla.App.1966, 184 So.2d 437; Boim v. State, Fla.App.1967, 194 So.2d 313. The trial court correctly recognized that the officer’s possession of the doubloon was not through or because of the arrest.
Appellant’s second contention is that the court erred in admitting testimony as to the weapons found on the appellant at the time of the arrest and the statements made at that time, inasmuch as the trial court (on the motion to suppress) had ruled that the arrest by the F.B.I. agent was unlawful and had suppressed the weapons as evidence.
At the trial the officer testified that when informed he was under arrest the appellant stated that he had the gun and a tear gas gun on his person and expressed concern about the possibility that his picture might appear in a newspaper, explaining the latter by saying that he had stolen the (stolen) coin “from somebody else.” On this appeal we are not required to rule on whether the trial court was in error in holding that the arrest was unlawful. Assuming, but without so holding, that the arrest was unlawful, no objection was made at the trial to the introduction of the testimony as to the presence of the guns and statements of the appellant at the time of the arrest. See Robertson v. State, 94 Fla. 770, 114 So. 534. Moreover, it can be argued with some force that disclosure that the appellant was carrying a gun would not appear to be prejudicial (assuming it was not admissible), because it would not be unreasonable for a person who was lawfully carrying around a rare coin of great value to take the precaution to arm himself.
Next it is contended by the appellant that the court erred in receiving in evidence testimony of statements made by the appellant at the Key Largo meeting. We find no error there. The appellant had been informed of his constitutional rights at the time of his arrest. His argument that he should have been informed of them anew when later interrogated is without *889 merit. In fact, the appellant’s constitutional rights were recalled to him at that time, by the written waiver submitted to him, which he read. Moreover, it is for incus-todial interrogation that Miranda warnings are required. At the time of the Key Largo meeting the appellant was not in custody. Nor was the conversation held there rendered inadmissible because the appellant stated he did not want what he said to go any further. The evidence disclosed that no deal was made with the appellant with regard thereto or otherwise, and his voluntary statements to the officer, once made, could not be stifled or recalled.
Appellant’s fourth point charges error in certain remarks by the court to the jury relating to the value of the coin. The appellant had offered to sell the coin for $30,000. The expert had testified it could be worth $100,000. It is argued on behalf of the appellant that since his counsel, by cross-examination, had sought to show that the coin was not a Brasher doubloon and was lacking in real value, the court’s reference to the coin as being valuable was prejudicial to the appellant’s position before the jury and denied him a fair trial. With that contention we cannot agree. In substance, the court explained to the jury that if they wished to view the coin which was in evidence the clerk would hand it to them for that purpose, but that it would have to be returned to a vault for safekeeping overnight and not permitted to remain around the courthouse, “just as a precautionary measure with anything of this value.” Ordinarily, articles introduced into evidence would be submitted to the jury for their inspection after they have retired to consider the case, when requested. In this case, where the court was responsible for the safeguarding of a coin which the evidence had accorded great value, it was not error for the court to explain to the jury why their inspection of this item of evidence necessarily would be supervised and curtailed.
A further contention of the appellant is that it was error to adjudge him guilty of buying, receiving, or concealing stolen property, because the evidence disclosed he had stolen the item, citing Adams v. State, 60 Fla. 1, 53 So. 451; Ketelsen v. State, Fla.App.1968, 211 So.2d 853; and Thomas v. State, Fla.App.1968, 216 So.2d 25. We hold that contention is without merit on the facts of this case. The rule as stated in the decisions cited by the appellant is not applicable here because although the appellant testified that he had stolen the coin from “somebody else” he also testified to facts which conclusively showed that at the time he took possession of the coin he knew that it was a stolen item.
The appellant’s sixth contention is that reversible error resulted from interruption by the state of defense counsel’s argument to the jury, by stating an objection accompanied by remarks which were prejudicial to his case. We have examined the objection and statement referred to, and find no harmful error therein. See H. I. Holding Company v. Dade County, Fla.App. 1961, 129 So.2d 693. The trial court overruled the objection in question which was made by the state attorney during the defense counsel’s argument, and from the record it appears that no 'motion was made by the defense to strike the remark of the prosecution incident thereto, or for mistrial, or for a cautionary instruction to be given to the jury regarding the same. See Morris v. State, 100 Fla. 850, 130 So. 582.
No reversible error having been shown, the judgment is affirmed.
Affirmed.